```
UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

**************************************************

UNITED STATES OF AMERICA,                         *

                              Plaintiff,          *

                   -v-    15-CR-78                *

ROY S. REDEYE,                                    *

                              Defendant.          *

**************************************************
```

Transcript of Sentencing regarding the above-referenced matter, held before the Honorable Lawrence E. Kahn, Senior United States District Court Judge, at the James T. Foley United States Courthouse, 445 Broadway, Albany, New York, on April 6, 2016.

FOR THE GOVERNMENT:

        OFFICE OF THE UNITED STATES ATTORNEY
        445 Broadway
        Albany, New York  12207
           By:  Richard Belliss, AUSA

FOR THE DEFENDANT:

        DEAN SCHNELLER, ESQ.
        121 Bridge Street
        Plattsburgh, NY  12901

U.S. v REDEYE - 15-CR-78

1          COURT CLERK:  Wednesday, April 6th, 2016, the
2    case is United States of America versus Roy Redeye, case
3    number 15-CR-78.  We are here for sentencing.  May we
4    have appearances for the record please.
5          MR. BELLISS:  Good morning, your Honor.  Rick
6    Belliss on behalf of the United States; I'm sitting in
7    today for Ms. Horsman.
8          THE COURT:  Mr. Belliss.
9          MR. SCHNELLER:  Good morning, your Honor.  Dean
10   Schneller on behalf of the defendant, Roy Redeye, who is
11   here in court.
12         THE COURT:  Mr. Schneller and Mr. Redeye.
13         Mr. Schneller, did you have an opportunity to
14   look over the pre-sentence investigation report?
15         MR. SCHNELLER:  Yes, Judge.
16         THE COURT:  Did you discuss it with your
17   client, Mr. Redeye, and explain it to him?
18         MR. SCHNELLER:  Yes, Judge, written
19   communications too.
20         THE COURT:  Mr. Redeye, you read the
21   pre-sentence report and discussed it with your attorney?
22         THE DEFENDANT:  Yes, I have.
23         THE COURT:  You understand it?
24         THE DEFENDANT:  Yes.
25         THE COURT:  And, Mr. Belliss, on behalf of the

                Lisa L. Tennyson, CSR, RMR, FCRR
                UNITED STATES DISTRICT COURT - NDNY

U.S. v REDEYE - 15-CR-78

1  U.S. Attorney's Office, you read it and any objections to
2  the factual contents?
3           MR. BELLISS:  I have read it, your Honor, and
4  no objections.
5           THE COURT:  Did you have any objections to the
6  factual content, Mr. Schneller?
7           MR. SCHNELLER:  There was some minor points on
8  his criminal history but in general, no, my objections
9  were to the U.S.S.G. scoring.
10          THE COURT:  Okay.  Except for that, Mr. Redeye,
11 what your lawyer just said, did you have any objections
12 to the factual contents?
13          THE DEFENDANT:  No.
14          THE COURT:  The Court adopts the report by a
15 preponderance of the evidence.  At least -- is there any
16 motions?  Anything you wish to say before I proceed to
17 the defense, Mr. Belliss?
18          MR. BELLISS:  Your Honor, if necessary, we will
19 make the motion for the third point for acceptance.
20          THE COURT:  Okay.  Yes, right.  Okay.  And,
21 Mr. Schneller, anything you wish to say on behalf of your
22 client before I pass sentence on him?
23          MR. SCHNELLER:  Yes, Judge.  If I can just
24 clarify.  Focus specifically on our objections now or
25 should we focus on the whole sentencing argument?

                Lisa L. Tennyson, CSR, RMR, FCRR
             UNITED STATES DISTRICT COURT - NDNY

1        THE COURT:  I am sorry?
2        MR. SCHNELLER:  Do you want me to focus right
3   now on part of our objections to the sentence scoring or
4   should I make a whole argument?
5        THE COURT:  Anything you wish to say --
6        MR. SCHNELLER:  Okay.
7        THE COURT:  -- in his defense?
8        MR. SCHNELLER:  Judge, the -- first on the
9   scoring, we do have two objections.  First, I don't
10  believe the -- we don't believe two-point upward
11  enhancement for multiple threats per Section 2A6 is
12  appropriate.
13       THE COURT:  I see your submissions but go
14  ahead.
15       MR. SCHNELLER:  Okay.  So I will again -- if
16  you've seen the submission, I will rely on that.  Just
17  very briefly, we looked at one -- count one alleges
18  threat against officers name P.H.  We looked to the
19  transcript of the threats and that is only mentioned
20  once, so -- because the counts are separated out, count
21  one is focused on B.L. and two count is focused on R.S.
22  and there's -- each of those individuals are only
23  mentioned once in each posting.  We don't believe this
24  two-threat enhancement for each count is appropriate.
25       Furthermore, on the second objection, we don't

1   believe the three-point upward enhancement under
2   Section 3A1.2(a) is appropriate.  First off, recognizing
3   sensitivity between the U.S. government relations with
4   tribal nations, I believe the Saint Regis demonstrated
5   through just facts and through Court decisions that the
6   Saint Regis Mohawk tribe is a quasi-sovereign nation and
7   because of that relationship, I don't believe there's
8   enough guidance in the explanatory notes or the -- this
9   enhancement to deem tribal police officers as
10  government -- as United States government employees.
11          The real focus of that objection, though, is
12  whether or not Mr. Redeye's threats were motivated by
13  that status.  There's been a lot of speculation from
14  Mr. Redeye, from the government, from any involved in
15  this case as to why he made those statements and there's
16  no real clear answer.  The best Mr. Redeye could come up
17  with is he had one interaction with one of those officers
18  about five years ago, which Mr. Redeye recalls being
19  essentially assaulted by the officer and may have had
20  some personal animus toward that officer, directed
21  towards this person, not towards his status as a tribal
22  police officer.
23          So there's some suggestions in the explanatory
24  notes as well as case law.  That is a heavy burden to
25  show that his statements were motivated specifically

U.S. v REDEYE - 15-CR-78

1    based on their status as government employees.  We are
2    left with speculation.  I don't think that's enough.  So
3    we don't believe that three-point enhancement is
4    appropriate.
5            Now, turning to the big picture, Judge, there's
6    no dispute what was said was vile, was not proper, but
7    what it was was a Facebook post on Mr. Redeye's own page.
8    That's an important distinction.  You know, as technology
9    changes, so does the means to communicate.  Mr. Redeye's
10   statements, they were clearly filled with grammatical
11   errors, clearly not cohesive, and they were made to his
12   own board.  He didn't send them directly to either
13   officer and didn't call them in the middle of the night,
14   didn't send them or repeat a series of messages.  He
15   doesn't know why he did it.  He admits he did it but,
16   again, it's a very passive form of an outburst.
17           We look to the content of his life.  Mr. Redeye
18   will explain further, his parents died, his sister was
19   diagnosed with lung cancer, he was dealing with a lot of
20   personal issues and he, in fact, was trying to seek
21   treatment for his own mental health during this
22   timeframe.  He's crashing on his couch, alone in an
23   apartment, drank a few beers, smoked a joint and made
24   some statements.  The next morning he woke up, realized
25   exactly what he did, deleted them and a few days later

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

U.S. v REDEYE - 15-CR-78

1   got a knock on his door.  He's consistently admitted
2   responsibility for his actions.  He has -- while -- from
3   my own end, I explored a motion to dismiss based on the
4   legal sufficiency of those charges and that was denied.
5   As soon as it was denied, Mr. Redeye pled guilty to those
6   counts.  So he has accepted responsibility.  The charges
7   themselves, you know, from our perspective, certainly
8   vile, they are very passive and it wasn't a continuous
9   course of conduct, it was a random outburst, essentially
10  on a soapbox speaking to himself on a drunken stupor and
11  made a really stupid decision.
12          Ultimately, Judge, if I remember, he's been in
13  custody for about 14 months at this point.  A lot of the
14  scoring they see with -- the government is asking for 33
15  months, we believe is harsh and excessive.  What we
16  looked -- actually, what was -- what was done by Mr.
17  Redeye, he's learned his lesson not only because he's
18  been in jail but because he's missed a lot of
19  family events, both tragic and positive, including his
20  son, including the death of his sister.  He's had a hard
21  time while he's been in custody.
22          His girlfriend remains supportive.  They have a
23  two-year-old son together.  He's willing to accept
24  post-release supervision.  We believe that's enough
25  control and really, Judge, we're kind of throwing our

U.S. v REDEYE - 15-CR-78

1 hands up saying enough is enough.  What more benefit is
2 there to hold him in custody for another 20 months for a
3 stupid Facebook post.  He's unable to pay a fine, and I
4 believe he wants to address the Court as well but we
5 would request a sentence of time served.
6         THE COURT:  Very good.  Mr. Redeye, is there
7 anything you wish to say before I pass sentence on you?
8         THE DEFENDANT:  Yes.  Yes.  First off, I would
9 like to give my apology to the people involved in this
10 incident.  Truly regret the posting of comments on my
11 Facebook page.  The 14 months that I have been in
12 custody, I have missed a lot.  My sister passed away in
13 May of 2015 to lung cancer, I missed my son's second
14 birthday and I missed my daughter's 15th birthday.  The
15 prior years we -- in the prior years leading up to my
16 arrest there has been one hardship after another, by the
17 passing of my father in 2012, the passing of my mother in
18 2013.  Her death hit me the hardest, still hits me to
19 this day, then my brother's heart surgery and my sister's
20 diagnosed lung cancer, both in 2014.
21         At the time I was a mental wreck, that's why I
22 started mental health.  I found out what I had wrong with
23 me and started treatment.  I know I have a bad record, I
24 won't deny it, but more time ain't the answer.  Me being
25 reunited with my children is.  So please, I'm begging the

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

U.S. v REDEYE - 15-CR-78

1  Court for a sentence of time served.  I believe missing
2  my sister's funeral and missing out on time with my
3  children in 14 months I've been in custody is punishment
4  enough.  Any more time would be excessive.  I am truly
5  sorry for what I posted.  If I could go back and do it
6  over, I would.  I would have not posted these -- those
7  comments.
8          I don't believe sending me to prison for
9  posting comments that I don't remember posting and have
10 no intention of going through with it and deleting them
11 the next morning.  Let time served be sufficient.  I have
12 seen cases and the same as mine where they posted a lot
13 worse and way more threats, a lot have been vacated
14 because of the alone innocent decisions.  Others have had
15 no victim enhancement.  So, again, please, I'm asking for
16 time served so I can go home and be with my family.
17 Thank you, your Honor.
18          THE COURT:  Okay.  Well, I've considered all
19 the aspects of this case and I realize you, as many
20 people, have defined that life has a lot of tough things
21 that happen.  You've been through certainly your share,
22 but the fact is, you've got to move on.  You've got two
23 young children that need you and I know sometimes you get
24 angry but these days no one gets away with anything
25 because everything is seen by everybody, as you found out

U.S. v REDEYE - 15-CR-78

1   with your computer and everywhere you go, everyone knows
2   that.  So it's up to you to sort of change your attitude
3   maybe and your direction and hopefully you're not going
4   to be back here and -- but I have reviewed and considered
5   all of the pertinent information, including, but not
6   limited to, the pre-sentence report, the plea agreement,
7   the submissions by counsel, the factors outlined in the
8   law, and I find the total offense level is 16, Criminal
9   History Category is IV and the guideline imprisonment
10  range is 33 to 41 months.
11          The Court finds that the enhancements, which
12  are disputed by defense and on the record, are still
13  applicable based on the overall facts of this case.
14          Upon your plea of guilty to counts one and two
15  of the third superseding indictment, it's the judgment of
16  the Court that you are hereby committed to the custody of
17  the Bureau of Prisons to be imprisoned for a term of 38
18  months on each of count one and two to run concurrently,
19  for a total imprisonment of 38 months.
20          I believe that a sentence at the high end of
21  the guideline range is appropriate and sufficient though
22  but not greater than necessary to meet the goals of
23  sentencing in this case.  Based on the overall facts of
24  the case, your prior criminal history, your overall
25  conduct, which includes, and the Court did consider, the

1   unrelated conduct which is outlined in count three of the
2   indictment, which, as you know, after it is over should
3   be dismissed, which has saved you a lot of prison time.
4          Upon your release from imprisonment you shall
5   be placed on supervised release for a term of three years
6   on each of count one and two.  In accordance with
7   18 U.S.C. 3624, these terms of supervised release shall
8   run concurrently.  While on supervised release you shall
9   not commit another federal, state or local crime; you
10  shall comply with the standard conditions that have been
11  adopted by this Court.
12         The Court finds that, based on the nature of
13  this instance offense, as well as the history and
14  characteristics of yourself, the following special
15  conditions will also be justified and necessary.  Number
16  one:  You shall participate in a program for substance
17  abuse which shall include testing for and use of
18  controlled substances, controlled substance analogs and
19  alcohol.  This may include outpatient treatment as
20  recommended by the treatment provider based upon your
21  risk and needs.
22         You may also be required to participate in
23  inpatient treatment upon recommendation of the treatment
24  provider and upon approval of the Court.  The probation
25  office shall approve the location, frequency and duration

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

U.S. v REDEYE - 15-CR-78

1  of outpatient treatment.  You shall abide by the rules of
2  the treatment program, which may include abstaining from
3  the use of any alcohol.  You shall contribute to the cost
4  of any evaluation and/or treatment in an amount to be
5  determined by the probation office based on your ability
6  to pay and the availability of third-party payments.
7           You shall refrain from the use of alcohol and
8  be subject to alcohol testing and treatment while under
9  supervision.  You shall participate in a mental health
10 program which may include medical, psychological,
11 psychiatric evaluation and outpatient treatment as
12 recommended by the treatment provider.
13          You may also be required to participate in
14 inpatient treatment upon recommendation of the treatment
15 provider and upon the approval of the Court.  Probation
16 office shall approve the location, frequency and duration
17 of any outpatient treatment.  You must abide by the rules
18 of the program which may include a medication regime.
19 You shall contribute to the cost of any evaluation and/or
20 treatment in an amount to be determined based on your
21 ability to pay and the availability of third-party
22 payments.
23          The Court directs that you shall reside in the
24 Northern District of New York.  Court approves your
25 travel to the Canadian side of the Akwesasne Saint Regis

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

1  Mohawk Native American reservation for purposes of
2  medical, educational, treatment or government-related
3  appointments or as approved by the probation office.  You
4  can always apply if you want to do other travel.  You
5  shall not commit another crime in the United States or
6  elsewhere obviously, including any violation, could be a
7  violation of the law in any province, county, town, city,
8  village or other subdivision of any country -- of a
9  country or of any recognized tribe.
10             The Court finds, based on your financial
11  resource, you do not have the ability to pay a fine.  The
12  law does require that you pay to the clerk of the Court a
13  special assessment of $200, which is due and payable
14  immediately.
15             Both parties have the right to appeal this
16  sentence.  You're advised to consult with Mr. Schneller
17  to determine if an appeal is warranted.  Any appeal must
18  be filed within 14 days, within two weeks, 14 days of
19  this judgment.  If I understand the plea agreement, you
20  may appeal any sentence above 37 months but, again,
21  discuss if you want to do that with your attorney.
22             You are remanded to the custody of the U.S.
23  Marshal in accordance with the terms of this sentence
24  and I suspect that the government may at this time move
25  to dismiss count --

```
 1              MR. BELLISS:  Count three.
 2              THE COURT:  Yes.  Count three?
 3              MR. BELLISS:  Yes.
 4              THE COURT:  No objection, it's dismissed.
 5    Anything further, Mr. Belliss?
 6              MR. BELLISS:  No, your Honor.
 7              THE COURT:  Anything further, Mr. Schneller?
 8              MR. SCHNELLER:  No, Judge.
 9              THE COURT:  I wish you good luck and hope
10    you're not back here again, Mr. Redeye.  Good luck.
11              (Whereupon, proceeding concluded)
12                      * * * * * * * * *
13
14                   C E R T I F I C A T I O N
15
16       I, Lisa L. Tennyson, RMR, CSR, CRR, Official Court
17    Reporter in and for the United States District Court for
18    the Northern District of New York, hereby certify that
19    the foregoing 13 pages taken by me to be a true and
20    complete computer-aided transcript to the best of my
21    ability.
22
                              *Lisa L. Tennyson*
23                            _____
24                            Lisa L. Tennyson, R.M.R., C.S.R., C.R.R.
25
```

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY